NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1214

VANTAGE ASSOCIATES, INC.,

Appellant,

v.

Robert M. Gates, SECRETARY OF DEFENSE,

Appellee.


Brian J. Donovan, Jones & Donovan, of Newport Beach, California, for appellant.

Patryk J. Drescher, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for appellee. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Armed Services Board of Contract Appeals

Administrative Judge Michael T. Paul

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1214

VANTAGE ASSOCIATES, INC.,

Appellant,

v.

Robert M. Gates, SECRETARY OF DEFENSE,

Appellee.

Appeal from the Armed Services Board of Contract Appeals in no. 55647, Administrative Judge Michael T. Paul.

_____

DECIDED:  August 7, 2009

_____

Before RADER, PLAGER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

DECISION

Vantage Associates, Inc. ("Vantage") appeals from the final decision of the Armed Services Board of Contract Appeals ("Board"), which granted the government's motion for summary judgment and denied Vantage's breach of contract claim for $81,283 in damages arising from the cancellation of a purchase order issued by the Defense Supply Center Columbus ("DSCC").  Vantage Associates, Inc., ASBCA No. 55647, slip op. at 6 (Dec. 31, 2008).  We affirm.

DISCUSSION

I.

On November 15, 2005, DSCC issued Vantage a purchase order for the delivery of plastic carrying cases for weapons. Id. at 1. After a series of delays in delivery, on July 12, 2006, DSCC issued Modification No. P00001, extending the delivery date for the cases to August 18, 2006. Id. at 3. On August 7, 2006, Vantage sent an e-mail to DSCC stating, "[W]e are looking at not being able to ship until October as the vendor is unable to fulfill our purchase order due to some mold problems." Id. On August 17, 2006, the contracting officer issued Modification No. P00002, cancelling the purchase order. Id. Vantage received the modification on August 18th. Id. at 4. After the contracting officer denied Vantage's claim for "contract adjustment for cancellation" in the amount of $81,283, Vantage appealed to the Board. Id. at 4–5. In due course, the Board granted summary judgment in favor of the government, on the ground that DSCC ceased to be bound by the purchase order once Vantage notified DSCC that it would not be able to meet the August 18th delivery date set forth in Modification No. P00001. Id. at 6. Vantage now appeals to us. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10).

II.

Vantage argues that the government's purchase order was an irrevocable offer, and that the government's revocation of the purchase order prior to its expiration was a breach for which Vantage is entitled to compensation. Vantage's Br. 10. The purchase order, according to Vantage, was an offer for a unilateral contract, which became irrevocable once Vantage began performance and notified the government of the

commenced performance. Id. at 11. Vantage contends that once the offer became irrevocable, the government was precluded from revoking it before either the close of business or midnight of the delivery date, August 18, 2006. Id. at 15. Vantage also contends that its August 7, 2006 e-mail notifying the government that it did not intend to deliver the cases by August 18, 2006 did not relieve the government of its obligation to keep the purchase order open until, at the very least, the close of business on August 18, 2006, because the concept of anticipatory breach does not apply to unilateral contracts. Id. at 18. Thus, in Vantage's view, the government's cancellation of the purchase order on August 17, 2006, was a breach of contract for which the government must compensate Vantage. Id. at 19.

We are not persuaded by Vantage's arguments that the Board erred in holding that the government was no longer bound by the purchase order once Vantage notified DSSC that it could not meet the delivery date. We agree with Vantage that the purchase order was a unilateral offer, and that Vantage's commencement of performance limited the government's right to revoke the purchase order. We disagree, however, with Vantage that the August 7, 2006 e-mail communicating to DSSC that Vantage could not perform in a timely manner did not relieve the government of its obligation to keep the purchase order open until August 18, 2006. That is because the government's promise not to revoke the offer was in exchange for Vantage's implied promise to complete performance. Once Vantage notified the government that it would not complete performance according to the terms of the purchase order, the government was no longer bound by its promise not to revoke the offer.

We note that Vantage does not argue that, but for the government's cancellation of the purchase order, it would have timely performed by the end of the day on August 18, 2006. In its opening brief, Vantage states that, if the government had not cancelled the order, it would have delivered the cases no later than September 30, 2006. Vantage's Br. 9. In other words, if the government had not cancelled the purchase order, Vantage would not have furnished the cases in accordance with the terms of the contract. Vantage argues, nevertheless, that the government prematurely cancelled its purchase order at 3:27 a.m. on August 18, 2006—hours before the purchase order would have lapsed by its own terms. In other words, despite its inability to perform, Vantage contends it can recover all of its costs because, just before the delivery deadline that it admits it would not have met, it received notice of the purchase order's cancellation. We do not think that, under these circumstances, Vantage is entitled to damages for the costs it incurred in preparation to deliver the cases.

No costs.